**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRADLEY KEITH KAEMMERER, | |
| Plaintiff, | CIVIL ACTION |
| v. | COMPLAINT    1:17-cv-03720 |
| FIFTH THIRD BANK, N.A. and THE ROTH MORGAN FIRM CORP., | |
| Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW comes BRADLEY KEITH KAEMMERER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of FIFTH THIRD BANK, N.A. ("Fifth Third") and THE ROTH MORGAN FIRM CORP. ("Roth Morgan") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for Roth Morgan's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and Fifth Third's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. §524 *et seq.*

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1334, and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants' unlawful conduct relates to a debt incurred by Plaintiff in this District.

## PARTIES

5.  Plaintiff is a consumer and natural person over 18 years-of-age residing at 301 Longfellow Drive, Wheaton, Illinois, which falls within the Northern District of Illinois.

6.  Fifth Third is a national banking institution organized under the laws of the United States with its headquarters located in Cincinnati, Ohio.  Fifth Third is a foreign company that conducts business with consumers across the country, including in Illinois.

7.  Roth Morgan "pursues the collections of commercial and consumer debts, with an emphasis on consumer credit card debt acquisitions and medical debt."[1]  Roth Morgan claims that its "team continuously receives training in the Fair Debt Collection Practice act and Statutes of Limitation."  *Id.*  With its principal place of business located at 37 North Orange Avenue, Suite 500, Orlando, Florida, Roth Morgan regularly collects upon consumers in Illinois.

## BANKRUPTCY CASE

8.  Years ago, Plaintiff opened up a financial account with Fifth Third and eventually fell behind on his scheduled payments, thus incurring debt.

9.  On March 31, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-11985 ("bankruptcy").

10. Schedule F of Plaintiff's bankruptcy petition listed a consumer debt owed to Fifth Third.

---

[1] http://www.therothmorganfirm.com/

11. On April 3, 2014, by virtue of listing Fifth Third as a creditor, the Bankruptcy Noticing Center ("BNC") served Fifth Third with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines.

12. On April 30, 2014, the 341 Meeting of Creditors was held with the Chapter 7 trustee. No representative of Defendants appeared at the 341 Meeting of Creditors.

13. On July 1, 2014, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including debt owed to Fifth Third.

14. The Order of Discharge explicitly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

15. On July 3, 2014, the BNC served Fifth Third with the Order of Discharge.

16. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the consumer debt by Fifth Third, or any other its successors and/or assigns.

17. On July 7, 2014, Plaintiff's bankruptcy case closed and the Trustee was discharged.

18. Plaintiff's personal liability on the subject loan was extinguished via his bankruptcy discharge, terminating the business relationship with Fifth Third, and any of its successors and assigns, including Roth Morgan.

19. Upon information and belief, Roth Morgan received notice of Plaintiff's bankruptcy discharge from its predecessor Fifth Third during the onboarding process, where Fifth Third transferred all documentation regarding the consumer debt to Roth Morgan, including information regarding Plaintiff's bankruptcy discharge.

3

## ROTH MORGAN'S POST-DISCHARGE CONDUCT

20. On April 13, 2017, nearly 3 years after his bankruptcy was discharged, Plaintiff received a dunning letter in the mail from Roth Morgan.

21. This letter lists information regarding Plaintiff's alleged outstanding account, including:

- Original Creditor: Fifth Third Bank
- Charge Off Date: 09-23-2012
- *Total Balance Due: $370.92

22. In addition, Roth Morgan states, "Your balance listed above has been assigned for collections. The full account amount owed to settle appears in the box above. In order to prevent further collection activity on this account, you must remit payment immediately or call our offices today to negotiate a settlement amount to resolve your past due account."

23. This letter also includes a note in bold font stating, "**\*NOTE:** Your account may be accruing interest on a daily basis, please contact our office for an exact payoff amount."

## DAMAGES CAUSED BY ROTH MORGAN'S POST-DISCHARGE CONDUCT

24. Roth Morgan's collection efforts were highly confusing and upsetting to Plaintiff as he was led to believe that his bankruptcy had no legal effect and that he was still obligated to pay on the consumer debt allegedly owed to Fifth Third; which was one of the driving forces in his decision to seek bankruptcy protection in the first place.

25. Plaintiff was unduly inconvenienced and harassed by Roth Morgan's unlawful attempts to collect the discharged consumer debt and suffered emotional distress and mental anguish as Roth Morgan's collection activities led him to believe he was still liable on the debt.

26. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Roth Morgan's collection efforts ceased.

27. Plaintiff has incurred attorney's fees as a result of Roth Morgan's deceptive collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ROTH MORGAN)

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Roth Morgan is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Moreover, Roth Morgan is a "debt collector" because it acquired the servicing rights to the debt after it was in default. 15 U.S.C. §1692a(6).

33. Section 524(a)(2) of the United States Bankruptcy Code provides:

(a)    A discharge in a case under this title –

(2)    operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

34. Roth Morgan violated 15 U.S.C. §§1692d, e, e(2), e(5), e(10), e(11), f, f(1), g(a)(4), and g(a)(5) through its debt collection efforts on a debt discharged in bankruptcy.

### a.  Violations of 15 U.S.C. §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Roth Morgan violated §1692d when it mailed Plaintiff a dunning letter, seeking to collect upon a debt that was discharged through his bankruptcy. Roth Morgan had knowledge of Plaintiff's bankruptcy, as well as the fact that he was no longer liable on the debt for which it sought to collect upon. Yet, Roth Morgan attempted to extract payment from Plaintiff by harassing him and leading him to believe that he still owes on the debt.

**b. Violations of FDCPA §1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

"The false representation of the character, amount, or legal status of any debt…" 15 U.S.C. §1692e(2)(A).

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11).

39. 15 U.S.C. §1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." §1692f(1) further prohibits "the

collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

40. Roth Morgan violated §1692e, e(2)(A), e(5), e(10), f, and f(1) when it falsely characterized the debt and used unfair and deceptive means to collect and/or attempt to collect the subject debt. Roth Morgan's collection letter not only lists a debt that was already discharged in Plaintiff's bankruptcy, but it even states that Plaintiff's account may be accruing interest on a daily basis. The language in Roth Morgan's letter is false, as Plaintiff is no longer liable for the debt by virtue of his bankruptcy discharge. It is also unfair and deceptive in that it mentions an accrual of interest in order to create a false sense of urgency to an unsophisticated consumer. Plaintiff was led to believe that if he did not make payment, the total amount would increase on a daily basis. Lastly, Roth Morgan informs Plaintiff that in order to prevent further collection activity, he must remit payment immediately. This is a threat that Roth Morgan cannot legally take, as it was a discharged debt for which Plaintiff is no longer liable.

41. Roth Morgan violated §1692e(11) in the dunning letter it sent to Plaintiff. Within that letter, Roth Morgan discloses that "this is a communication from a collection agency," but besides this short statement, it fails to include any other verbiage required by §1692e(11), such as the fact that any information it obtains will be used for the purpose of collecting upon a debt.

### c. Violations of FDCPA §1692g

42. The FDCPA, pursuant to 15 U.S.C. §1692g(a), states that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

7

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

43. Roth Morgan violated §1692g(a)(4) and g(a)(5) in the dunning letter it mailed to Plaintiff. Within that letter, Roth Morgan does state "Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of aforesaid debt and/or obtain a copy of a judgment." Although this language partially satisfies the requirements set forth under §1692g, it fails to inform Plaintiff that it will mail him a copy of the verification or judgment. In addition, Roth Morgan fails to include any language mentioning that it will provide Plaintiff with the name and address of the original creditor should he request such information.

44. As pled in paragraphs 24 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRADLEY KEITH KAEMMERER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE DISCHARGE INJUNCTION
### (PLAINTIFF AGAINST FIFTH THIRD)

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

**a. Section 11 U.S.C. §524(a)(2)**

46. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

47. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

48. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

**b. Fifth Third's conduct was perpetual, willful, and wanton when it transferred documentation regarding Plaintiff's discharged debt to Roth Morgan for collection purposes.**

49. Fifth Third violated the discharge injunction by willfully transferring the subject debt with actual knowledge of Plaintiff's bankruptcy and the discharged status of the subject debt.

50. Once Plaintiff's bankruptcy was discharged, his personal liability on the subject loan was extinguished, terminating the business relationship with Fifth Third, and any of its successors and assigns, including Roth Morgan.

51. Fifth Third knew that the subject debt was already discharged, and despite having actual knowledge of the status of this debt, it transferred this debt to Roth Morgan for the purposes of collection.

52. As a sophisticated banking corporation, Fifth Third should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

53. Fifth Third's conduct demonstrates that it has no such system in place to protect the rights of consumers protected by the Bankruptcy Code.

54. Based on the broad language of the Bankruptcy Code, Fifth Third willfully transferred the debt which Plaintiff included in his bankruptcy to a debt collecting agency in an attempt to collect upon this post-discharged debt. This is in direct violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, BRADLEY KEITH KAEMMERER, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendant in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

b. Order Defendant to pay Plaintiff for his actual damages in an amount to be determined by the court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

c. Order Defendant to pay punitive damages in an amount to be determined by the court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

d. Order Defendant to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105; and

e. Provide such other and further relief as the Court may deem just and proper.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (AGAINST DEFENDANTS)

55. Plaintiff restates and realleges paragraphs 1 through 54 as through fully set forth herein.

56. Plaintiff is a "person" as defined by 815 ILCS §505/1(c).

57. Plaintiff is a "consumer" as defined by 815 ILCS §505/1(e).

58. Fifth Third engaged in "commerce" as defined by 815 ILC §505/1(f) as it provides financial services, which are activities within the stream of commerce and utilized in their regular course of business.

59. Roth Morgan is engaged in "commerce" as defined by 815 ILC §505/1(f) as it specializes in debt collection, which is an activity within the stream of commerce and utilized in their regular course of business.

60. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

61. Defendants violated the ICFA by unfairly and deceptively attempting to induce Plaintiff to make payments notwithstanding his bankruptcy discharge.

62. Upon information and belief, Defendants have engaged in a systematic campaign of unlawful collection activity – involving inducing consumers to make payments notwithstanding bankruptcy discharges.

63. Fifth Third was listed in Schedule F of Plaintiff's Bankruptcy, but yet, it willfully communicated to Roth Morgan that the subject debt was past due and owing.

64. Roth Morgan's demand for payment on the subject debt, which was not collectable by virtue of the bankruptcy discharge, represents the use of false pretenses and misleading communications to attempt to collect a debt that was not legally collectable at the time the demands for payment were made.

65. The ICFA states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

66. An award of punitive damages is appropriate as Defendants' deceptive and unfair acts are the proximate causation of Plaintiff's emotional distress (i.e. confusion, frustration and humiliation) and mental distress.

67. Upon information and belief, attempting to collect upon debts which are legally not collectable by virtue of bankruptcy discharge is an unfair and deceptive business practice willfully employed by Defendants to maximize its profits at the expense of Illinois consumers.

68. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

69. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, as Plaintiff was told that he stills owed the debt, leading him to believe that his bankruptcy had no legal effect.

WHEREFORE, Plaintiff, BRADLEY KEITH KAEMMERER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

12

a. Award Plaintiff his actual damages in an amount to be determined at trial;

b. Award Plaintiff his punitive damages in an amount to be determined at trial;

c. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

d. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 18, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Northern District of Illinois          Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                         900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                              Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                            (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com